■ CELINA LOPEZ et al., Respondents, v ORLANDO BAUTISTA et al., Appellants, et al., Defendants. [732 NYS2d 172] —In an action to recover damages for personal injuries, etc., the defendants Orlando Bautista and Suffolk Family Medicine Associates, d/b/a Suffolk Family Medicine appeal from a judgment of the Supreme Court, Suffolk County (Oshrin, J.),

entered May 16, 2000, which, upon a jury verdict awarding the plaintiff Celina Lopez $750,000 for past pain and suffering and $250,000 for future pain and suffering, and awarding the plaintiff Jose Lopez $200,000 for loss of services, is in favor of the plaintiffs and against them.

Ordered that the judgment is modified, on the facts and as an exercise of discretion, by deleting the provision thereof awarding the plaintiff Jose Lopez damages in the sum of $200,000 for loss of services, and substituting therefor a provision severing that cause of action and granting a new trial with respect thereto; as so modified, the judgment is affirmed, with costs to the appellants, unless within 30 days after service upon the plaintiff Jose Lopez of a copy of this decision and order, he shall serve and file in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to decrease the verdict as to damages for past loss of services from the sum of $200,000 to $100,000 and to the entry of an amended judgment accordingly; in the event that the plaintiff Jose Lopez so stipulates, then the judgment, as so reduced and amended, is affirmed, without costs or disbursements.

The plaintiffs Celina Lopez and her husband Jose Lopez were awarded damages following a jury trial in which it was found that Celina's family physician committed malpractice when he failed to advise her of the results of a mammogram, allowing her breast cancer to progress and go untreated over the course of approximately 20 months, to the point that a mastectomy was required.

Contrary to the appellants' contention, the verdict was supported by legally sufficient evidence. Evidence presented at trial was adequate to provide a valid line of reasoning and permissible inferences for rational people to conclude that the plaintiffs' injuries were caused by the appellants' negligence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). Moreover, the verdict was not against the weight of the evidence, as it was based on a fair interpretation of the evidence (*see, Ferrer v Harris,* 55 NY2d 285; *Cohen v Hallmark Cards, supra*).

The damages award was excessive to the extent indicated herein.

The appellants' remaining contentions are without merit. Altman, J. P., Goldstein, McGinity and Cozier, JJ., concur.